**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **Richard W. Comerford**<br>Plaintiff, | |
| Vs. | Civil Action No. |
| **William G. Young**<br>Defendant, | 1 1 3 6 5<br>*Referred to Ch MJ MBB* |

**COMPLAINT**

## I.   INTRODUCTION

Judge Young violated plaintiff's due process rights by allowing an attorney who did not represent plaintiff to purportedly settle the case. Plaintiff qualified for retirement from military active duty pursuant to 10 USC 3911 on or about October 1992. Plaintiff was injured in the line of duty rescuing a comrade on or about August 1993 while serving on Active Guard and Reserve ("AGR") duty pursuant to 32 USC 502 (f) as Commandant of a Recondo School in the Massachusetts National Guard ("Guard"). The U.S. Army IG and Guard medical board found that plaintiff had been injured in the line of duty and were not medically fit for continued service and that the Guard had improperly stopped his entitled active duty medical care and pay. Plaintiff has been in an administrative and legal battle with the government for 12-years in an attempt to either receive active duty medical care and pay or to be discharged from AGR duty.

## II. JURISDICTION

This court possesses subject matter jurisdiction to entertain this action pursuant to the 5th and 14th amendments of the U.S. Constitution.

## III. PARTIES

1. Plaintiff is a United States citizen who resides at 9 Speedwell Lane, Plymouth, Massachusetts.

2. The Honorable William G. Young is the Chief Justice for the U.S. District Court for the District of Massachusetts located on 1 Court House Way in Boston, Massachusetts. He is sued in his personal and official capacities.

## IV. VENUE

Venue is properly in this court by virtue of plaintiff's residence in the District of Massachusetts.

## V. FACTS

1. I, Richard W. Comerford, the plaintiff pro se, state under the penalty of perjury as attested by my signature below that the following facts are true to the best of my knowledge and memory as of the date of said signature.

2. Plaintiff filed civil action number 00-11671-WGY pro se.

3. Plaintiff also filed civil action number 01-11364-WGY pro se.

4. Plaintiff had filed civil action number 99-0416F in State Court by an attorney.

5. Civil action number 99-0416F was then removed to federal Court by the U.S. Attorney for Massachusetts under fraudulent circumstances. (Note: Plaintiff sued the Guard, its Adjutant General and his assistant – Robert D'Alto as a member of the Guard. The federal government falsely claimed that plaintiff sued COL D'Alto as a member of the federal armed forces. Plaintiff believes that the federal government fraudulently removed the case because the Guard had used a federal informant, David M. Smith, in an attempt to frame plaintiff for purportedly collecting civilian employment benefits. The U.S.; U.K. and Irish governments were using Mr. Smith as an informant in the Kevin McKevitt/Real IRA case. The federal government wanted to control the case so it protects its informant.)

6. Civil action number 99-0416F was numbered in federal Court 99-11712 –WGY.

7. As plaintiff understands it the U.S. Attorney for Massachusetts then moved the Court to consolidate the three above cited actions.

8. Judge Young consolidated the three above cited actions.

9. On or about 30 October 2001 a status conference was held before the Honorable William G. Young, District Judge ("Judge Young") for Action 99-11671.

10. Plaintiff believes that Action 00-11671 was then on 30 October 2001 the consolidated action; but that Judge Young later identified and numbered the consolidated action as 99-11712.

4

11. Appearing were the plaintiff pro se, AUSA Smith, Massachusetts Assistant Attorney General Kaczynski and Attorneys Rabinovitz and Burke. (See Exhibit "A" – transcript).

12. As evidenced by the transcript Judge Young ruled that plaintiff was pro se in the consolidated action.

13. After Judge Young had ruled plaintiff was pro se in the consolidated action there is no evidence on the record that any attorney, either in writing or orally before Judge Young, made an appearance on behalf of plaintiff.

14. After Judge Young had ruled that plaintiff was pro se in the consolidated action plaintiff did not retain an attorney to represent him.

15. After Judge Young had ruled that plaintiff was pro se in the consolidated action he did not provide plaintiff with notice of his orders.

16. After Judge Young had ruled that plaintiff was pro se in the consolidated action the other parties to the action failed to serve plaintiff with their motions and papers.

17. After Judge Young had ruled that plaintiff was pro se in the consolidated action AUSA Smith and Attorney Maxwell sign a purported settlement agreement for two of the three actions in the consolidated case – 99-11712 and 00-11671.

18. The purported settlement agreement essentially split the case in two. It sent half of the case to the Army Board for Correction of Military Records ("ABCMR") and half to State Court.

19. The ABCMR was to address plaintiff's claims against the Guard and could offer plaintiff "relief".

5

20. Plaintiff has obtained a copy of the ABCMR record of his case pursuant to a FOIA request.

21. The ABCMR record of plaintiff's case shows that the ABCMR did not accept plaintiff's case in violation of the purported settlement agreement.

22. Also the ABCMR wrote to plaintiff's Member of Congress and stated that it could not provide plaintiff with "relief".

23. The ABCMR is a federal body and cannot under separation of powers instruct or order the State Guard to correct plaintiff's State record.

24. The ABCMR also pursuant to statute, 10 USC 1552, cannot order that plaintiff receive active duty medical care and pay or be discharged from AGR duty.

25. Attorney Maxwell has not prosecuted the State case and has informed plaintiff that he is withdrawing from the State case.

26. Plaintiff learned about a year after the case had been purportedly settled that it had been purportedly settled.

27. He wrote about 40-letters to AUSA Smith and Attorney Maxwell stating that Mr. Maxwell did not represent him in the consolidated action.

28. He also requested that AUSA Smith and Attorney Maxwell provide him with a copy of the administrative record. This is the record that the government had provided to the Court and to Mr. Maxwell in order for Mr. Maxwell to make an application to the ABCMR.

29. AUSA Smith refused to provide plaintiff with a copy of the administrative action.

30. Attorney Maxwell told plaintiff that he would have to pay for with a copy of the administrative action. However plaintiff is a pauper.

31. Plaintiff learned that the 10-month statutory time limit for the ABCMR to render a recommendation to the Secretary of the Army on Mr. Maxwell's application had expired.

32. Plaintiff wrote to the ABCMR and advised it that Attorney Maxwell did not represent him in this action.

33. As mentioned above the ABCMR had not opened a case on plaintiff in violation of the purported settlement agreement.

34. The ABCMR then advised plaintiff to withdraw Mr. Maxwell's application and to submit his own application.

35. Plaintiff followed the instructions of the ABCMR and withdrew Mr. Maxwell's application and submitted his own application.

36. However the ABCMR did not accept plaint's application and still did not open a case on him.

37. Plaintiff moved Judge Young repeatedly, as he received more information on the case pursuant to FOIA and through his Members of Congress, to reopen the case and to allow plaintiff to represent himself and have access to the PACER system.

38. Judge Young denied plaintiff's motions and the government argued that the case should not be reopened and that plaintiff must submit to a medical exam ordered by the ABCMR.

39. However pursuant to Army Regulations 40-3, 40-501 and 135-381 the ABCMR cannot order a soldier to undergo a medical exam.

40. The purpose of the medical exam was to purportedly determine if plaintiff was medically fit for retention in the Individual Ready Reserve ("IRR")

41. If plaintiff was fit for retention he could then, as "relief", he stay in the IRR and qualify for retirement pay at age 60.

42. However the government refused to provide plaintiff with a copy of the medical board actions in his case.

43. Plaintiff has refused to submit to the medical exam without a copy of the medical board actions and without the government acknowledging that he is still on AGR duty for fear of losing his claims to a military active duty retirement.

44. However as mentioned above plaintiff qualified for retirement pay in 1992.

45. The government also now admits that plaintiff qualifies for retirement pay at age 60. See Exhibit.

46. The government, through the good offices of plaintiff's members of Congress, now also admits that plaintiff has not been discharged from AGR duty and remains on AGR duty until he is discharged.

47. Plaintiff has now been without entitled active duty medical care and pay for about 13-years.

48. During this period the government had also refused to discharge plaintiff from AGR duty.

49. Without a discharge from AGR duty plaintiff cannot collect retirement and VA benefits or civilian employment benefits.

50. The government has also refused to provide plaintiff with written permission to collect civilian employment benefits without a discharge certificate from AGR duty.

8

51. The government has further persecuted plaintiff with false allegations that he collected civilian employment pay after he was injured in the line of duty and it has refused plaintiff's repeated demands than the be prosecuted or that he stand court martial for his purported crimes.

52. Judge Young has aided and abetted the government in its persecution of plaintiff. He is still serving Attorney Maxwell with notice of his orders. Judge Young has deliberately trampled on plaintiff's inalienable, civil and constitutional rights. He has made plaintiff a legal non-person in the very country that plaintiff has spent 30-years defending in the Armed Forces.

## VII Prayer for Relief

WHEREFORE, plaintiff respectfully requests that this Honorable Court

(1) Enter a declaratory judgment stating that:

   (a) Plaintiff's due process rights were violated by Judge Young.

   (b) Plaintiff was pro se in the consolidated action on 30 October 2001.

   (c) Plaintiff was pro se in the consolidated action after 30 October 2001.

   (d) Plaintiff was never represented by Attorney Maxwell or any other attorney after 30 October 2001 in the consolidated action.

  (e) Attorney Maxwell did not represent plaintiff when he signed the purported settlement agreement.

  (f) The case is not closed, or dismissed or settled and is returned to its status as of 30 October 2001.

(2) Enter the following orders:

  (a) Order Judge Young to provide plaintiff with a complete, legible copy of all papers, motions and orders in the case to include the administrative record.

  (b) Order Judge Young to allow plaintiff to represent himself.

  (c) Order Judge Young to stop serving Attorney Maxwell with notices of his orders.

  (d) Order the USDC to allow plaintiff as a pauper free access to the PACER system.

(3) Enter a judgment against the defendant for plaintiff's costs plus reasonable fees.

(4) Grant such other and further relief, as it deems just and meet.


Plaintiff respectfully requests trial by jury.

Respectfully submitted this 22nd day of June 2005 AD,

Richard W. Comerford Pro See
9 Speedwell Lane
Plymouth, Massachusetts 02360
(508) 833-9396

        Exhibit

  A. Status Conference Transcript 30 October 2001

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Richard W. Comerford

**DEFENDANTS**
The Honorable William G. Young

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Plymouth
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Pro Se

ATTORNEYS (IF KNOWN)
05 11365 WGY

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 871 IRS – Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

5th + 14th Amendments to US Constitution

**VII. REQUESTED IN COMPLAINT:**  CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23   DEMAND $ _____   CHECK YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE Young   DOCKET NUMBER 00-11671

DATE 21 June 2005   SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ATTACHMENT #3

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _Comerford v Young_

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___  I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _✓_  II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
             *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___  IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___  V.   150, 152, 153.

   _05 11365 WC_

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
   _00-11677-WGY_

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?    YES ☐    NO ☑

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)    YES ☐    NO ☑
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?    YES ☐    NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?    YES ☐    NO ☑

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).    YES ☐    NO ☑
   OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).    YES ☐    NO ☑

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?    YES ☐    NO ☑
   (a) IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? _Central Plymouth County_

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? _Unknown_

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL SECTION: YES ☑ NO ☐    OR WESTERN SECTION; YES ☐ NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Richard W Comerford Pro Se_
ADDRESS _9 Speedwell Lane, Plymouth Ma 02360_
TELEPHONE NO. _508 833 9396_

(Categfrm.rev - 3/97)