```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS

                                         Civil Action
                                         No. 00-11671-WGY


* * * * * * * * * * * * * * * *
                               *
RICHARD W. COMERFORD,          *
                               *
          Plaintiff,           *
                               *
v.                             *   STATUS CONFERENCE
                               *
THE UNITED STATES DEPARTMENT OF*
DEFENSE and COMMONWEALTH OF    *
MASSACHUSETTS, et al.,         *
                               *
          Defendants.          *
                               *
* * * * * * * * * * * * * * * *


          BEFORE:  The Honorable William G. Young,
                         District Judge


APPEARANCES:


     RICHARD W. COMERFORD, Pro Se, 9 Speedwell Lane,
Plymouth, Massachusetts 02360

     BARBARA HEALY SMITH, Assistant United States
Attorney, 1 Courthouse Way, Suite 9200, Boston,
Massachusetts 02210, on behalf of the Federal
Defendants

     OFFICE OF THE MASSACHUSETTS ATTORNEY GENERAL (By
Michelle A. Kaczynski, Assistant Attorney General),
Trial Division, 200 Portland Street, Boston,
Massachusetts 02114, on behalf of the Commonwealth of
Massachusetts Defendants


                                      1 Courthouse Way
                                      Boston, Massachusetts

                                      October 30, 2001
```

```
 1                A P P E A R A N C E S  (Cont'd)

 2

 3        SHADAWRY & RABINOVITZ (By Edward Rabinovitz,
      Esq.), 15 Broad Street, Boston, Massachusetts 02109, on
 4    behalf of David Smith and Rhonda Smith

 5        LAW OFFICE OF TIMOTHY M. BURKE (By Joseph P.
      Kittridge, Esq.), 160 Gould Street, Suite 111, Needham,
 6    Massachusetts 02494-2300, on behalf of James M.
      Deyermond

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1              THE CLERK:  All rise.  Court is in session, please
 2   be seated.
 3              Calling Civil Action No. 00-11671, Comerford v.
 4   the United States, et al.
 5              THE COURT:  Good afternoon.  Would the parties
 6   identify themselves.
 7              MR. COMERFORD:  Richard Comerford for himself,
 8   your Honor.
 9              MS. SMITH:  Barbara Healy Smith, Assistant U.S.
10   Attorney for the federal defendants.
11              MR. RABINOVITZ:  Edward Rabinovitz representing
12   the private defendants, David and Rhonda Smith.
13              MR. KITTRIDGE:  Joseph Kittridge for defendant
14   Deyermond.
15              MS. KACZYNSKI:  Michelle Kaczynski, Assistant
16   Attorney General for the defendants Mass. Army National
17   Guard, Commonwealth of Massachusetts, and Colonel Vezina.
18              THE COURT:  All right.  Mr. Comerford, when do you
19   want to go to trial in this case?
20              MR. COMERFORD:  As soon as possible, your Honor.
21              THE COURT:  Well, let's talk about that.  I have a
22   medical malpractice case on that is due to go to the jury
23   on the 19th of November.  That's the week of Thanksgiving.
24              When is the federal administrative proceedings
25   supposed to come to an end, Ms. Smith?
```

```
 1           MS. SMITH:  As I understand it, your Honor, any
 2   time between now and December 20th.
 3           THE COURT:  Oh, we're up to December 20 now?
 4           MS. SMITH:  That's I believe what -- is that the
 5   date I put in the status?
 6           THE COURT:  Well, you may well have.
 7           MR. RABINOVITZ:  Yes.
 8           MS. SMITH:  I just -- yes.
 9           THE COURT:  Well, I'm not waiting on it.
10           MS. SMITH:  If I may, your Honor?
11           THE COURT:  Well, I'm not waiting on it.
12           MS. SMITH:  I understand.
13           THE COURT:  I've already waited until
14   October 15th.  Now, I did that for a perfectly intelligible
15   reason.  There's ample time for the agency to pull itself
16   together and take a position.
17           Now, if they take a position then I'm going to
18   treat this as a hearing on an administrative agency
19   decision.  If I get to it before then I'll decide the
20   matter and they'll be bound.  But I'm not rushing it.  I
21   have matters to deal with.
22           Now, I'm going to impanel on the 26th of November
23   a two day criminal case, and maybe a civil case as well.
24           What's next after, after that?  What's the next
25   case?
```

```
 1              (Whereupon the Court and the Clerk conferred.)
 2              THE COURT:  All right, here's what I'm disposed to
 3     do.  I will hold this -- I have four civil cases for
 4     November.  One I'm going to hold a pretrial conference on
 5     now.
 6              This will be the fifth.  And I'll try them in that
 7     order.  That way I am both, in my eyes, fair to Mr.
 8     Comerford, because I put the case right back in order to be
 9     tried, in November, and fair to the defense because I
10     haven't jumped Mr. Comerford's case over any other cases
11     that I have.
12              Now, if those cases all settle and resolve, I'll
13     come looking for you.  The likelihood is I will not come
14     looking for you before late November.  But any case can
15     settle.  But I don't think we'll run through the case I
16     have on trial now plus four other cases by November.  So it
17     will probably be sometime in December.
18              Now, if that's when we're going to go to trial,
19     still sticking with Mr. Comerford, what matters need to be
20     resolved now?
21              This is a jury waived trial.  You don't get a jury
22     on this.  At least I don't see any claims that are
23     cognizable to a jury.
24              Let me ask the defense that.  There are no such
25     claims, are there?
```

1           MS. SMITH:  It's the federal defendants' view that
2   none of these claims are justiciable in this Court, your
3   Honor.
4           THE COURT:  Well, you take --
5           MS. SMITH:  Briefing on that was put off at the
6   time we stayed the prior proceedings.
7           THE COURT:  The case is alive now.  You go ahead
8   and attack it.  But we're going to start with a trial date
9   and work back.  If you're right, if you're right, I, of
10  course, will follow the law.  Mr. Comerford will get his
11  chance to oppose it.  But assuming something is
12  justiciable, nothing's before a jury?
13          MS. SMITH:  Nothing.
14          THE COURT:  That's my view.  All right.  So it's
15  going to be a jury waived case before me, Mr. Comerford.
16  What -- I've now set the trial date.  The case is open,
17  it's alive.  What more should I do this afternoon?
18          MR COMERFORD:  Your Honor, could you give me
19  guidance on discovery?
20          THE COURT:  Well, I really can't give you guidance
21  but I'm not hesitant.  I mean, you understand I'm not your
22  lawyer here.
23          MR. COMERFORD:  Yes, sir.
24          THE COURT:  But I now have a live case.  You
25  characterize this case considerably different than the

1   defendants.  At least than the defendant Department of the
2   Army.  They say that all of this is an administrative, all
3   of this is an administrative hearing and the Court should
4   keep their nose out of it.  And if I have any review at
5   all, I have a very narrow review.  And despite the fact I'm
6   trying to get the matter resolved, they say I've got to
7   wait on them.  And what's more, even when they've resolved
8   it probably I have nothing to do.
9            She may say some other things and she may say it
10  better than that, but she thinks there will never be a
11  trial here.
12           Now, conceivably she may be right.  But I've
13  waited long enough.  It's now time to face up to issues and
14  for me to take a position on them.
15           And I answer your question by making that
16  statement.  Because I'm starting out now treating this case
17  like any other case.  But I'm giving it a prompt trial.  It
18  will be the fifth case in order, civil, once I work through
19  these other four civil cases after the case I have on trial
20  now.  So that's November or December, your case will be
21  adjudicated.
22           In that time you may want to ask for some
23  discovery.  My guess is that as soon as you ask for it they
24  will oppose it.  They will say no discovery, no examination
25  of the merits is permitted at all, at least probably the

1         MR. COMERFORD: Thank you.
2         THE COURT: You've made that clear. And I think I
3    have cautioned you as to the risks of being represented by
4    counsel. But if I haven't let me.
5         MR. COMERFORD: Yes, sir.
6         MS. SMITH: There is counsel of record.
7         THE COURT: Wait. Well, fine.
8         MS. SMITH: In one of the cases.
9         THE COURT: Fine. That counsel -- the man tells
10   me he's not authorized to act. Every action has got to be
11   dealt with Mr. Comerford. Only with Mr. Comerford. It's
12   clear to me he wants to act on his own behalf.
13        But I must caution you. Just as I said I can't be
14   your lawyer, I can't cut you any slack. When a person
15   rep -- first, you've got every right to represent yourself.
16   You have a right to come into court insofar as anyone so
17   situated as you has a right. The government's going to say
18   throw him out of court on the legalities of it, and we'll
19   see. But you have a right to be here. You have a right to
20   be treated courteously and to be given every accommodation
21   that I give to attorneys. But no more. I'm supposed to
22   take into account that you don't really have a lawyer with
23   you, but that doesn't translate into my making arguments
24   that you should have made or anything like that.
25        I'm not your lawyer. I do counsel you, and I do

```
 1   Department of the Army will say that, because they say you
 2   just don't have any business here.  I don't know what the
 3   other defendants will say, but they may well say the same
 4   or some variation of that.  If that happens I'll have to
 5   decide that, or at least decide it preliminarily.
 6          I'm sorry I can't give you any more guidance.  But
 7   to me I always am very straightforward, I try to be.  I put
 8   this case on ice, and while I didn't forget, I put it on
 9   ice until the 15th of October.  You filed various motions.
10   I just filed them.  The case is on ice.  I didn't deal with
11   them other than to file them.
12          Well, the 15th of October has come and gone,
13   you've asked for the case to be rendered alive.  Well, I
14   am.  And it's never going to be closed again.  We're going
15   to resolve the case.  But the truth is I haven't thought
16   through these issues.
17          (Whereupon the Court and the Clerk conferred.)
18          THE COURT:  Ms. Smith reminds me there's of course
19   two cases, because we've consolidated the two cases into
20   one case.  But I'm talking generally.  That's the most
21   guidance I can give you.
22          Anything else?
23          MR. COMERFORD:  Yes, sir.  The federal and
24   Commonwealth attorneys claim I am represented by counsel.
25          THE COURT:  You can represent yourself.
```

```
 1   it most sincerely, most people have lawyers in court.
 2   That's why there is a legal profession because things are
 3   technical.
 4           Do you -- are you going to get a lawyer in this
 5   case?
 6           MR. COMERFORD:  Your Honor, I am not representing
 7   myself out of arrogance.  The last month the government
 8   paid me for was April '96.  I have endured investigation
 9   after investigation.
10           THE COURT:  But my question now.  Understand my
11   question.
12           MR. COMERFORD:  Yes, sir.  Sorry.
13           THE COURT:  Are you going to get a lawyer?
14           MR. COMERFORD:  No, I do not think so, sir.
15           THE COURT:  All right.  I've cautioned you and you
16   have made it very clear that for now you're representing
17   yourself in both cases.  If you get a lawyer and the lawyer
18   files an appearance then I'll deal only with the lawyer.
19   But for now everyone knows you're representing yourself,
20   they'll all deal directly with you.
21           All right.  Anything else that I need to deal
22   with?  We'll hear what they have to say now.
23           All right.  Now, that's how I intend to proceed.
24   Ms. Smith?
25           MS. SMITH:  Your Honor, for the record, I feel I
```

```
 1   need to say that the ABCMR, which is not a party to the
 2   suit, is the administrative body, the Army Board for
 3   Correction of Military Records which is reviewing Mr.
 4   Comerford's petition.  They have received additional
 5   materials and requests for relief and evidence as recently
 6   as, as I understand it, August and September from Mr.
 7   Comerford.  That is, all of that needs to go into the
 8   hopper to be considered.
 9            As I also understand it, and this may speed
10   things, they don't have a current physical and
11   psychological exam and all of the claims have to do with
12   medical disability or being fit for duty.  And as I
13   understand, I may be wrong, but Major Comerford has refused
14   the Army's request that he get such an exam.  If they had
15   one it makes it a little easier to consider what the
16   options are and what some of the claims are.
17            THE COURT:  Well, you talk to him but I'm not --
18   are you moving for a physical exam under the Rules of Civil
19   procedure?
20            MS. SMITH:  Well, I would need to check whether,
21   the relevance to this case, although I suspect the claims
22   are relevant, your Honor, in order to do that.  So I'm
23   stopping short of that today.
24            THE COURT:  Yes.  Then you make a motion and I'll,
25   it's a discovery motion, and I'll deal with it as a normal
```

```
 1   discovery motion.
 2          MS. SMITH:  The other point I need to make is that
 3   we did stay this at a fairly early stage so that things
 4   would not be prematurely split apart.  There are Tucker Act
 5   claims here in our view.  There are claims barred by the
 6   fairness doctrine in our view.  That briefing has been
 7   stayed.  I anticipate we will be filing that brief
 8   posthaste because -- I mean, the tort claims cannot be
 9   brought.  They're incident to military service.
10          THE COURT:  Well, I hear you and I've cautioned
11   Mr. Comerford.  But those things were all in the offing
12   when I stayed the action.  And I stayed it for a finite
13   period.  Now the stay has run out.  Now it's time to face
14   up.  If he's to be, figuratively, thrown out of court or
15   transferred to another court, or I have to say that I
16   don't, primary jurisdiction is an administrative agency,
17   those are all things I have to say on the record with a
18   decision.  None of them have I faced up to.
19          Contrariwise, if he were to survive those things
20   I've now set a trial date, or I've set it in order to be
21   tried, and when that comes up, assuming I have something to
22   try, I'm going to try it.  All right.
23          MS. SMITH:  Just so I can be clear, whatever
24   discovery's going to be done for trial, because none of it
25   was done prior to closure, whatever briefing, dispositive
```

```
 1   briefing will be done and whatever trial prep, will all be
 2   done between now and November 1st?
 3           THE COURT:  I didn't say November 1st.
 4           MS. SMITH:  But are we on the November list?
 5           THE COURT:  What?
 6           MS. SMITH:  On the November list?
 7           THE COURT:  You're on the November list.  And
 8   you're the fifth case on the November list and it looks
 9   like I won't get to you until December.
10           MS. SMITH:  Unless the first four settle.
11           THE COURT:  Well, even if they don't settle we'll
12   try them.  We'll be to you probably sometime in December.
13   And then I'm going to trial.
14           Now, in the meantime if you make motions, I'll
15   deal with the motions.
16           MS. SMITH:  Thank you, your Honor.
17           THE COURT:  All right.  Anyone else have any
18   question?  Any questions?  Yes?
19           MS. KACZYNSKI:  Just to advise your Honor that I
20   am scheduled to be before the Appeals Court of the
21   Commonwealth on Monday, November 19th.
22           THE COURT:  My, my usual -- thank you.  And my
23   usual rules apply.  I will, if we get this case to trial, I
24   will honor your other trial, actual trial engagements and
25   that's a type of engagement I would honor.  So we wouldn't
```

```
 1   try it that day because you're engaged before another
 2   court.
 3          Any other questions?
 4          MR. KITTRIDGE:  Yes, your Honor.  Attorney Joseph
 5   Kittridge on behalf of State Police Officer James
 6   Deyermond.
 7          His role in this is a lot different than having to
 8   do with any administrative entitlement to any benefits or
 9   anything.  There's the allegation that he conducted an
10   investigation, in some way conspired with the other
11   defendants and participated in the deprivation of these
12   benefits.  As a result of the stay none of the discovery
13   had been conducted by my client.  I feel with such a short
14   window my client is being prejudiced by not having the
15   opportunity to do some more discovery before a potential
16   trial in 30 days.
17          THE COURT:  Well, I'd get to it.  The simple fact
18   of the recitation of the schedule, that doesn't prejudice
19   your client and we'll see when we get close to trial.  You
20   get to the discovery.
21          I hear no other questions.  All right.
22          There are various motions for preliminary relief
23   on the part of Mr. Comerford.  Those are denied.  And the
24   case is set for trial, and if there's motion practice
25   either as to discovery or dispositive motions I'll deal
```

1   with it promptly.

2          Thank you very much. The other matter is a

3   pretrial conference and we'll deal with that in the lobby.

4   We'll recess.

5          THE CLERK: All rise.

6          (Whereupon the matter concluded.)

7

8              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
9

10

11         I, Donald E. Womack, do hereby certify that the

12  above proceedings were reported by me stenographically and

13  this transcript represents a true and accurate

14  transcription of said proceedings.

15

16

17

18                    _____

19
                      DONALD E. WOMACK
20                    Official Court Reporter
                      1 Courthouse Way, Suite 5510
21                    Boston, Massachusetts 02210
                            (617) 439-8877
22

23

24

25