UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD COMERFORD,                ) | |
|     Plaintiff                            ) | |
| ) | |
| v.                                                )   | C.A. No. 05-11365-RGS |
| ) | |
| CHIEF JUDGE WILLIAM YOUNG,        ) | |
|     Defendant                        ) | |

## MEMORANDUM AND ORDER

STEARNS, D.J.

For the reasons stated below Plaintiff's Application to Proceed Without Prepayment of Fees is Allowed *nunc pro tunc*. Additionally, pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), this Court finds, and hereby Certifies, that any appeal of this action would not be not taken in good faith.

## BACKGROUND

On June 23, 2005, Plaintiff Richard Comerford filed an Application to Proceed *in forma pauperis*, and a pro se civil rights Complaint against Hon. William G. Young, Chief United States District Judge for the District Court of Massachusetts. Comerford claims, *inter alia*, that Chief Judge Young violated his due process rights by, *inter alia*, allowing a lawyer that did not represent him to settle a previously-filed case.[1] The Complaint sought various declaratory relief.[2]

---

[1] Plaintiff has filed ten actions in this District. The litigation history is briefly summarized as follows:

In 1997, Comerford brought suit in this Court against the Department of Army claiming Freedom of Information Act violations. Comerford v. Department of Army, C.A. No. 97-11962-WGY. The case was assigned to Chief Judge Young and was subsequently dismissed pursuant to a settlement reached by the parties.

In 1999, Comerford brought suit in the Suffolk Superior Court against the Department of

On June 12, 2005, this Court dismissed this action *sua sponte*, for failure to state a claim upon which relief could be granted, because Chief Judge Young is entitled to absolute judicial immunity for his official acts. See Mireles v. Waco, 502 U.S. 9, 11 (1991) (*per curiam*). However,

---

Defense seeking back pay and disability benefits, arising out of his allegation that he was injured in the line of duty. That case was removed to this Court and also assigned to Chief Judge Young. Comerford v. Department of Defense, C.A. No. 99-11712-WGY.

In 2000 and 2001 Comerford filed two more actions relating to the same matter, and all three cases were consolidated by Chief Judge Young. Comerford v. Army Board of Corrections of Military Records, C.A. No. 00-11671-WGY and Comerford v. United States Depart, et al., C.A. No. 01-11364-WGY. In July 2002, based on a joint motion by the parties, claims against the federal defendants were dismissed, and claims against the remaining state defendants were remanded to state court. See C.A. 99-11712-WGY Docket No. 62.

In 2003, Comerford brought another complaint against the Department of Defense, which was also dismissed by Chief Judge Young. Comerford v. U.S. Department of Defense, C.A. No. 03-12180-WGY. During this time, Comerford also filed a Motion to reopen the consolidated proceedings, a Motion for default judgement, and a Motion for summary judgement, which were also denied by Chief Judge Young. See C.A. No. 99-11712-WGY.

Recently, Plaintiff filed three additional actions, including the present case. Comerford v. Steward, C.A. 05-cv-10439-WGY (filed 03/08/05, pending); Comerford v. Young, C.A. 05-cv-11365-RGS (the instant action, filed 06/23/05), and Comerford v. Schweigert, C.A. 05-cv-11399-MLW (filed 07/05/05, pending). In a nutshell, the crux of Plaintiff's complaints revolve around his allegations that his military records are incorrect, and are based on false investigatory reports and charges against him. Additionally, the prior filings indicate there has been an ongoing dispute over the refusal of Plaintiff to submit to a physical examination so the Army Board for Correction of Military Records may implement relief sought with respect to benefits. See Memorandum in Opposition to Motion to Reopen Case, etc. (Docket No. 68, dated 12/22/03) in C.A. 99-11712-WGY.

[2]Comerford requested the following declarations: 1) that Chief Judge Young violated his due process rights; 2) that Comerford was *pro se* in the consolidated action; 3) that Comerford was not represented by Attorney Maxwell or any other lawyer after October 30, 2001; 4) that Maxwell did not represent him at the time of the settlement agreement; and 5) that the consolidated case is neither closed or dismissed. Compl. at 8. Additionally, Comerford asked this Court to order Chief Judge Young to: 1) provide him with copies of all papers, motions and orders in the record; 2) permit Comerford to represent himself; 3) to stop any service directed to Attorney Maxwell; and 4) for the District Court to allow free access to the PACER system. Compl. at 8-9.

the Order for Dismissal did not address the *in forma pauperis* issues presented by this action.

## DISCUSSION

I.  The Application to Proceed *In Forma* Pauperis

Plaintiff avers that he has no assets or income, and relies on others for support. He is unemployed, and his entitlement to military benefits is in dispute. Accordingly, based on Plaintiff's financial disclosures, this Court finds the Plaintiff is without sufficient funds to pay the filing fee, and his Motion for Leave to proceed *in forma pauperis* (#1) is Allowed.

II.  Certification By District Court That Appeal Would Not Be Taken In Good Faith

Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), this Court finds, and hereby Certifies, that Plaintiff Comerford's appeal of this action, if such appeal were to be taken, would not be taken in good faith. Such a Certification proscribes *in forma pauperis status* on appeal even though Plaintiff has been found to be indigent.

Under 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." Id. Similarly, under Fed. R. App. P. 24(a)(3), a party who has been permitted to proceed *in forma pauperis* in the district court may proceed on appeal *in forma pauperis* without further authorization, <u>unless</u> the district court certifies that the Appeal is not taken in good faith. Id. (emphasis added). Plaintiff may seek permission to appeal *in forma pauperis* from the Court of Appeals.

Based on the above, this Court has ruled that Plaintiff's Complaint against Chief Judge Young fails to state a cognizable federal claim, in view of absolute judicial immunity afforded to the Defendant. Moreover, much of Plaintiff's various requests for relief in this case appear to be

attempts, through artful pleading, to circumvent the proceedings and rulings in the cases previously handled by Chief Judge Young.  As such, it cannot be said that this action has been filed in good faith, nor could any appeal of this action be made in good faith.

Even assuming, *arguendo*, that Plaintiff subjectively believes his appeal of the dismissal is taken in good faith, an objective standard is nevertheless applied.  <u>See</u>, <u>e.g.</u>, <u>Boddie v. New York State Division of Parole</u>, 2004 WL 1326270 at *1 (S.D.N.Y. 2004) (objective standard and not subjective belief of appellant is applied); <u>Wilson v. Ferrise</u>, 2004 WL 3222886 at *1 (D. Minn. 2004)(same); <u>Bauer v. U.S. Attorney General</u>, 2003 WL 1610787 at *1 (D. Minn. 2003)(same).

Using this standard, the Court finds Plaintiff's appeal would nonetheless not be taken in good faith: "The applicant's good faith is established by the presentation of any issue that is not plainly frivolous."  <u>Ellis v. United States</u>, 356 U.S. 674, 674 (1958) (*per curiam*); <u>see also</u> <u>Lee v. Clinton</u>, 209 F.3d 1025, 1026 (7th Cir. 2000); <u>Wooten v. District of Columbia</u>, 129 F.3d 206, 208 (D.C. Cir. 1997).  In legal parlance, a complaint is "frivolous" if "it lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).  Such is the case here.  This Court finds that any appeal of this action by Comerford's is one that plainly does not deserve additional judicial attention.

## CONCLUSION

Based on the foregoing, it is hereby ORDERED:

1. Plaintiff's Application to Proceed *in forma pauperis* is Allowed *nunc pro tunc*; and

2. This Court Certifies pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3) that any appeal of the dismissal of this action would not be taken in good faith.


SO ORDERED


Dated: July 25, 2005

/s/ Richard G. Stearns
RICHARD G. STEARNS
UNITED STATES DISTRICT JUDGE